UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:17-CV-20551-JAL

CHERYL VAN SYCKLE,

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,
STEINER TRANSOCEAN, LTD.

    Defendants.
_____/

AMENDED COMPLAINT

COMES NOW, the Plaintiff, CHERYL VAN SYCKLE, by and through undersigned counsel, and sues the Defendants, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and STEINER TRANSOCEAN, LTD., and further states as follows:

JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, CHERYL VAN SYCKLE, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a foreign and/or Panamanian corporation with its principal place of business in Miami-Dade County, Florida.  At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Defendant STEINER TRANSOCEAN, LTD. (STEINER) is a foreign and/or Bahamian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant STEINER does business as an operator of spa services on cruise ships as a concessionaire such as those operated by CARNIVAL. For jurisdictional purposes, STEINER is both a citizen of a foreign country and a citizen of Florida.

5. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

6. At all times material hereto, the Defendants have conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

7. At all times material, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

8. STEINER has engaged in the business of providing spa services on maritime cruise vessels such as those operated by CARNIVAL for paying passengers including Plaintiff.

9. In its ticket contract with Plaintiff, Defendant CARNIVAL requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant or its concessionaires such as Defendant STEINER arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

10. Venue is also proper in this district because the Defendants' principal places of business

are located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. At all times material, Plaintiff use due care for her own safety.

13. Defendants owed Plaintiff a duty of reasonable care in the circumstances.

14. On or about February 18, 2016, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL FREEDOM as a result of an unreasonably dangerous spa treatment chair in the spa operated by STEINER. The chair was missing a bolt or screw or similar mechanism that held the chair to its base which was secured to the deck in the spa.

15. On the aforesaid date, Defendant CARNIVAL owned and/or operated the CARNIVAL FREEDOM and Defendant STEINER operated the spa on board CARNIVAL FREEDOM.

## COUNT I-NEGLIGENT MAINTENANCE OF THE SPA CHAIR v. CARNIVAL

16. Plaintiff reavers and realleges paragraphs 1-15 as if set forth herein.

17. On the aforesaid date, the Plaintiff was in the spa on board CARNIVAL FREEDOM to purchase services.

18. Plaintiff had gone to the spa to receive a spa treatment which was going to be administered to Plaintiff while she sat in a spa treatment chair.

19. The Defendant failed to exercise reasonable care in the circumstances by failing to maintain the spa treatment chair in a reasonably safe condition before Plaintiff sat in the chair.

20. Even though the chair was in the spa operated by STEINER, CARNIVAL still had a duty to maintain the chair as a piece of ship's equipment affixed to the cruise ship deck in a

reasonably safe condition.

21. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL FREEDOM by reason of an unreasonably dangerous spa chair which was not properly secured to its base or pedestal which was attached or otherwise secured to the deck or floor of the spa.

22. The chair was unreasonably dangerous because it was not secured to its base and Defendant knew or should have known through the exercise of reasonable care in the circumstances that the chair in which Plaintiff was injured was dangerous to sit in because it could not be or was not properly secured to its base.

23. When Plaintiff sat in the chair, a spa attendant named Ali attempted to adjust the foot rest on the chair by lifting it up towards Plaintiff.  When he did that, it caused the chair to simply collapse backward, throwing Plaintiff to the deck of the spa resulting in a concussion and other head injuries.

24. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a.  Failing to properly maintain a spa chair on a passenger deck in a reasonably safe, condition, and/or;

    b.  Failing to properly and safely train deck employees in the assembly and/or care and/or routine maintenance of a spa chair, and/or;

    c.  Failing to conduct routine safety inspections on a spa chair to make sure it was safe for passengers like Plaintiff to use, and/or;

25. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time

that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury.

26. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to fall backwards onto the deck or floor in the spa. The Plaintiff did not see that the chair was missing some parts or assembly that secured the chair to its base prior to sitting in and being thrown out of the chair onto the floor and falling and being injured nor was she aware that there was anything wrong with the chair that could cause her to be injured or that the chair was unreasonably dangerous to sit in.

27. .At all times material, it was foreseeable that a passenger would sit in the chair and be injured if the chair were not fully assembled and secure to the floor or deck.

28. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant CARNIVAL for damages, and pre-judgment interest and costs. Jury trial is demanded.

COUNT II- NEGLIGENT DESIGN AND SELECTION OF EQUIPMENT v. CARNIVAL

29. Plaintiff reavers and realleges Paragraphs 1-15 and 25-26 as if set forth herein.

30. Defendant CARNIVAL actively participated in the design, construction and selection of

the equipment on board CARNIVAL FREEDOM including the chair used in the spa where Plaintiff was injured. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design of the spa and selection of its equipment such as this chair and construction of the spa including this chair which caused Plaintiff's injury.

31. Defendant contracted with design firms to design and construct the spa as part of the overall design and construction of the ship and select the chair where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used in the spa where Plaintiff was injured, including the chair which caused Plaintiff to be injured.

32. Defendant was negligent in the design, construction, inspection, selection and approval process of the ship for failing to select, construct and/or design a spa treatment chair which was and is reasonably safe in the circumstances for use by a passenger.

33. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the chair in the spa area where Plaintiff was injured was unreasonably dangerous when not properly assembled or maintained.

34. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning

capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

35. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

### COUNT III-NEGLIGENT FAILURE TO WARN v. CARNIVAL

36. Plaintiff reavers and realleges Paragraphs 1-15 and 25-26 as if set forth herein.

37. The Plaintiff was seriously injured when she was caused to be thrown from a spa treatment chair in the spa. The Plaintiff did not see that the chair was not secured to its base prior to her being thrown from the chair and being injured.

38. Although the chair was unsecured to its base or pedestal, no warning signs or cones had been placed in the area alerting Plaintiff to the potentially dangerous nature of the chair nor was there any warning that Plaintiff should check the chair to make sure it was secure.

39. At all times material, Plaintiff was acting with due care for her own safety.

40. The Defendant failed to use reasonable care in the circumstances by:

a.) Failing to warn Plaintiff that the chair was unreasonably dangerous when it was not properly secured to its base, and/or;

b.) Failing to warn the chair was broken, and/or;

c.) Failing to warn it was dangerous to sit in the chair if the bolt or screw securing the chair to its base was missing, and/or;

d.) Failing to warn the Plaintiff to be aware that the chair could tip or fall backwards if not properly secured to its base or pedestal.

41. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

42. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the chair where Plaintiff sat and was thrown to the deck was unreasonably dangerous to sit in when not properly secured to its base or pedestal.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

### COUNT IV-NEGLIGENT MAINTENANCE AND OPERATION OF THE SPA CHAIR v STEINER

43. Plaintiff reavers and realleges paragraphs 1-13 and 25-26 as if set forth herein.

44. On the aforesaid date, the Plaintiff was in the spa on board CARNIVAL FREEDOM.

45. Defendant STEINER either owed Plaintiff a duty of reasonable care in the circumstances because she was a patron in the spa paying for spa services or, in the alternative, Defendant STEINER assumed a duty of reasonable care in the circumstances because Plaintiff was a patron in the spa.

46. Plaintiff had gone to the spa to receive a spa treatment which was going to be administered to Plaintiff while she sat in a spa treatment chair. The base of the chair was affixed to the deck but the seating area of the chair was supposed to be bolted or affixed to the chair itself. A bolt or screw or some other mechanical part was missing or broken

which caused to chair not to be secure for Plaintiff who sat in it.

47. The Defendant failed to exercise reasonable care in the circumstances by failing to inspect the spa chair before Plaintiff at in it and in failing to maintain the spa treatment chair in a reasonably safe condition before Plaintiff sat in the chair and by failing to operate the spa chair in a reasonably safe manner.

48. The chair was in the spa operated by STEINER which had a duty to maintain the chair as a piece of ship's equipment in its spa in a reasonably safe condition and to operate the chair in a reasonably safe manner.

49. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL FREEDOM by reason of an unreasonably dangerous spa chair which was not properly secured to its base or pedestal which was secured to the deck or floor of the spa. In addition, or in the alternative thereto, the Plaintiff suffered serious personal injuries because a spa attendant failed to check that the chair was properly secured to its base or pedestal before attempting to adjust it with Plaintiff in it.

50. The chair was unreasonably dangerous because it was not secured to its base and Defendant knew or should have known through the exercise of reasonable care in the circumstances that the chair in which Plaintiff was injured was dangerous to sit in.

51. When Plaintiff sat in the chair, a spa attendant named Ali attempted to adjust the foot rest on the chair by lifting it up towards Plaintiff. When he did that, it caused the chair to simply collapse backward, throwing Plaintiff to the deck of the spa resulting in a concussion and other physical and neurological injuries.

52. After the chair had collapsed and Plaintiff thrown violently to the deck, the spa attendant named Ali started to place the chair in its pre-tumble position the chair so it could be used

by Plaintiff or another passenger, even though the chair was still in its same dangerous condition and had to be stopped by another STEINER employee. Ali operated the chair without first checking if the chair was secured to its pedestal fixed to the deck.

53. Defendant STEINER's employee's (Ali) action in attempting to continue to use the chair shows a lack of training by Defendant.

54. Notwithstanding Defendant's duty as aforesaid, assumed or otherwise, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a spa chair on a passenger deck in a reasonably safe, condition, and/or;

   b. Failing to properly and safely train spa employees in the assembly and/or care and maintenance of a spa chair, and/or;

   c. Failing to conduct routine safety inspections on a spa chair to make sure it was safe for passengers like Plaintiff to use, and/or;

55. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury.

56. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to fall backwards onto the deck or floor in the spa. The Plaintiff did not see that the chair was missing some part or assembly that secured the chair to its base prior to her being thrown out of the chair onto the floor and falling and being injured nor was she aware using her five senses that there was anything wrong with the chair that could cause her to

be injured or that the chair was unreasonably dangerous to sit in.

57. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

58. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant STEINER for damages, and pre-judgment interest and costs.  Jury trial is demanded.

COUNT V- NEGLIGENT DESIGN AND SELECTION OF EQUIPMENT v. STEINER

59. Plaintiff reavers and realleges Paragraphs 1-15 and 25-26 as if set forth herein.

60. Defendant STEINER actively participated in the design and/or selection of the equipment in the spa on board CARNIVAL FREEDOM including the chair used in the spa where Plaintiff was injured. Defendant actively participated in the design of the spa and selection of its equipment such as this chair and construction of the spa including this chair which caused Plaintiff's injury.

61. Defendant contracted with design firms to design and construct the spa and select the chair where this incident occurred, contracted with the manufacturer and/or seller of the chair in question, and through the contract documents and relationship as operator of the spa had the ultimate ability to reject or accept the design, construction and materials used in the spa such as spa chairs where Plaintiff was injured, including the equipment used in

the spa such as the chair in which Plaintiff was injured.

62. Defendant was negligent in the design, inspection, selection and approval process of for failing to select, and/or design a spa treatment chair which was and is reasonably safe in the circumstances for use by a passenger.

63. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the chair in the spa area where Plaintiff was injured was unreasonably dangerous when not properly assembled or maintained.

64. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

65. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT VI-NEGLIGENT FAILURE TO WARN v. STEINER

66. Plaintiff reavers and realleges Paragraphs 1-15 and 25-26 as if set forth herein.

67. The Plaintiff was seriously injured when she was caused to be thrown from a spa treatment chair in the spa. The Plaintiff did not see that the chair was not secured to its base prior to her being thrown from the chair and being injured.

68. In this case, although the chair was unsecured to its base or pedestal, no warning signs or

cones had been placed in the area alerting Plaintiff to the potentially dangerous nature of the chair nor was any warning verbally communicated to Plaintiff.

69. At all times material, Plaintiff was acting with due care for her own safety.

70. The Defendant failed to use reasonable care in the circumstances by

a.) Failing to warn Plaintiff that the chair was unreasonably dangerous when it was not properly secured to its base, and/or;

b.) Failing to warn the chair was broken, and/or;

c.) Failing to warn it was dangerous to sit in the chair if the bolt or screw securing the chair to its base was missing, and/or;

d.) Failing to warn the Plaintiff to be aware that the chair could tip or fall backwards if not properly secured to its base or pedestal.

71. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

72. Defendant knew or should have known through the exercise of reasonable care in the circumstances that spa chair on the deck in the spa where Plaintiff was injured was unreasonably dangerous to sit in and should have warned Plaintiff not to sit in the chair.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 13th day of March, 2017.

                    HOFFMAN LAW FIRM
                    PAUL M. HOFFMAN, ESQ.
                    2881 East Oakland Park Boulevard
                    Fort Lauderdale, FL 33306
                    Telephone: (954) 707-5040

                    */s//Paul M. Hoffman, Esq.*
                    PAUL M. HOFFMAN
                    Florida Bar No:   0279897