UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 17-CV-20551-JAL

CHERYL VAN SYCKLE,

Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,
STEINER TRANSOCEAN, LTD.,

Defendants.
_____

**DEFENDANT CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. (hereinafter "Defendant"), hereby responds to Plaintiff's First Amended Complaint as follows:

1. Without knowledge, therefore denied.

2. Without knowledge, therefore denied.

3. Admitted for purposes of jurisdiction only.

4. This paragraph does not apply to Defendant Carnival, therefore denied.

5. Without knowledge, therefore denied.

6. Admitted as to Carnival for purposes of jurisdiction only.

7. Admitted.

8. This paragraph does not apply to Defendant Carnival, therefore denied.

9. Admitted for the purposes of venue as to Carnival only.

10. Admitted as to Carnival.

11. Denied.

## GENERAL ALLEGATIONS

12. Denied.

13. Admitted as to Carnival.

14. Denied.

15. Admitted as to Carnival.

## COUNT I – NEGLIGENT MAINTENANCE OF THE SPA CHAIR v. CARNIVAL

16. Defendant readopts its responses in paragraphs 1-15.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied, including all sub-parts.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II – NEGLIGENT DESIGN AND SELECTION OF EQUIPMENT v. CARNIVAL

29. Defendant readopts its responses in paragraphs 1-15 and 25-26.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III – NEGLIGENT FAILURE TO WARN v. CARNIVAL

36. Defendant readopts its responses in paragraphs 1-15 and 25-26.

37. Denied.

38. Denied.

39. Denied.

40. Denied, including all sub-parts.

41. Denied.

42. Denied.

## COUNT IV – NEGLIGENT MAINTENANCE AND OPERATION OF THE SPA CHAIR v. STEINER

43.-58.  This Count does not address or include allegations against this Defendant, Carnival.

## COUNT V – NEGLIGENT DESIGN AND SELECTION OF EQUIPMENT v. STEINER

59.-65.  This Count does not address or include allegations against this Defendant, Carnival.

## COUNT VI – NEGLIGENT FAILURE TO WARN v. STEINER

66.-72. This count does not address or include allegations against this Defendant, Carnival.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for its first, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that the PLAINTIFF's claims are governed by general maritime law and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFENSE

As and for its second, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which the DEFENDANT had no duty to protect the PLAINTIFF.

### THIRD AFFIRMATIVE DEFENSE

As and for its third, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT alleges that the PLAINTIFF failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages. Therefore, the PLAINTIFF's recovery, if any, should be reduced by her failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

As and for its fourth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT alleges that because of the conduct, acts, and/or omissions of the PLAINTIFF, the PLAINTIFF is estopped from claiming the damages alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

As and for its fifth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT alleges that if it is liable to the PLAINTIFF for damages herein, the existence of which the DEFENDANT expressly denies, PLAINTIFF's damages must be reduced by the amount attributable to PLAINTIFF's comparative fault.

**SIXTH AFFIRMATIVE DEFENSE**

As and for its sixth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT is informed and believes and herein alleges that it is not legally responsible in any fashion with respect to damages and injuries alleged by the PLAINTIFF in the Complaint.  However, in the event the DEFENDANT is held liable, said liability, which the DEFENDANT expressly denies, will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others. Therefore, any recovery obtained by the PLAINTIFF against the DEFENDANT should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault. The liability of the DEFENDANT if any, the existence of which the DEFENDANT expressly denies, is to be limited to the percentage of fault actually attributable to the DEFENDANT, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for its seventh, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT maintains it is not liable for any and all of the allegations of the Complaint, and that at the time of trial the names of all responsible persons or

entities should appear on the verdict form so that a jury can apportion liability pursuant to Florida Statute §768.81 (3).

**EIGHTH AFFIRMATIVE DEFENSE**

As and for its eighth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT alleges that the PLAINTIFF's injuries, if any, were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident herein. In the alternative, if any pre-existing injury or illness was aggravated by any alleged incident herein, the PLAINTIFF is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

**NINTH AFFIRMATIVE DEFENSE**

As and for its ninth, separate, and affirmative defense to the Complaint, the PLAINTIFF's injuries and damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom the DEFENDANT had no control such that the PLAINTIFF's damages are not actionable against the DEFENDANT.

**TENTH AFFIRMATIVE DEFENSE**

As and for its tenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT states that the incident alleged in the Complaint was not the proximate cause of the PLAINTIFF's alleged injuries and damages.

**ELLEVENTH AFFIRMATIVE DEFENSE**

As and for its eleventh, separate, and affirmative defense to the Complaint and each of its purported causes of action, the vessel's appurtenances, fixtures and equipment attached thereto and provided to the PLAINTIFF were in good and reasonable working order.

CASE NO.: 17-CV-20551-JAL

**TWELFTH AFFIRMATIVE DEFENSE**

As and for its twelfth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that it fully discharged its duties to the passengers of the subject vessel by warning of any and all dangerous or hazardous conditions, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for its thirteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that, to the extent applicable, any award of damages to the PLAINTIFF, if any, should be reduced by any collateral source payments paid to and/or received by the PLAINTIFF.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for its fourteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that the alleged dangerous condition, if any, was apparent, open and obvious to the passengers of the subject vessel and should have been observed by the PLAINTIFF in the ordinary use of her senses.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for its fifteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that the PLAINTIFF had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for its sixteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that it did not have actual or constructive notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn the PLAINTIFF as to the existence of same.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for its seventeenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the DEFENDANT asserts that this action is governed by and subject to, the terms, limitations, and conditions contained within the PLAINTIFF's passenger ticket contract, including, but not limited to, any exculpatory provisions, and the DEFENDANT adopts and incorporates same in its entirety into its Answer and Affirmative Defenses by reference.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As for its eighteenth, separate, and affirmative defense, this matter is barred by the applicable statute of limitations.

WHEREFORE, DEFENDANT, CARNIVAL CORPORATION, having answered PLAINTIFF's First Amended Complaint and having asserted its affirmative defenses, hereby moves for the entry of judgment in its favor and against PLAINTIFF, along with any and all further relief this Court deems just and proper,

CASE NO.: 17-CV-20551-JAL

Respectfully submitted,

*/s/ Andrew D. Craven*_____
Andrew D. Craven (FBN: 1853888)
acraven@chartwelllaw.com
**THE CHARTWELL LAW OFFICES, LLP**
200 S. Biscayne Blvd., Suite 300
Miami, FL 33131
Telephone: (305) 372-9044
Facsimile: (305) 372-5044

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Andrew D. Craven*_____
Andrew D. Craven